16-1071-cv
Balu v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand seventeen.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

AUGUSTINA BALU,

                    *Plaintiff-Appellant*,

            v.                                              16-1071-cv

CITY OF NEW YORK, DENIS McAULIFFE, individually
and in his official capacity as an employee of the New York
City of Department of Police,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellant:      Nicholas M. Wooldridge, Las Vegas, NV.

Appearing for Appellee:       MacKenzie Fillow, of counsel (Jane L. Gordon, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the (judgment/order) of said District Court be and it hereby is **AFFIRMED**.

Augustina Balu appeals from the March 8, 2016 judgment of the United States District Court for the Southern District of New York (Failla, *J.*) incorporating the district court's prior decisions denying her motions to retry her Title VII retaliation claim, to amend the joint pretrial order, and to admit medical evidence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's denial of a motion for mistrial for abuse of discretion. *United States v. Canova*, 412 F.3d 331, 348 (2d Cir. 2005). On appeal, Balu argues that defense counsel's statement during opening argument improperly referenced the results of an internal investigation by the New York Police Department's Office of Equal Employment Opportunity that concluded Balu's claims of sexual harassment were unsubstantiated. Balu argues this reference was highly prejudicial, such that the district court erred in not ordering a mistrial.The district court acted well within its discretion in declining to declare a mistrial. It was a single statement made during opening and the district court immediately issued a curative instruction reminding the jury that statements by attorneys were not evidence. Balu's counsel declined the district court's offer to issue a second curative instruction before the jury began deliberating, acknowledging the issue was likely not fresh in the jurors' minds by the end of trial.[2]

We also find no error in the district court's jury instructions regarding Balu's retaliation claim. We review de novo challenges to jury instructions in civil cases, "and will grant a new trial if we find an error that is not harmless." *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013) (citation omitted). However, if the challenging party failed to object to the charge at trial, we review for "plain error." *Id.* at 332 & n. 2. Balu failed to object to the charge at trial. Balu now argues that the district court failed to instruct the jury as to the burden shifting and rebuttable presumptions on her retaliation claims. However, in *Gordon v. New York City Board of Education*, our Court noted that including such language in jury instructions is unwise, "because such language—developed by appellate courts for use by judges—is at best irrelevant, and at worst misleading to a jury." 232 F.3d 111, 118 (2d Cir. 2000) (internal quotations, brackets and ellipses omitted). "In an employment discrimination or retaliation case, the job of the jury is simply to decide whether an impermissible factor was a motivating factor in the adverse employment action. The jury therefore does not need to be lectured on the concepts that guide a

---

[2] Balu's appellate counsel misconstrues a number of the facts in his brief. For example, he argues that the district court elected to issue curative instructions "[o]ver Plaintiff's counsel's objection" when the record shows that Balu's trial counsel in fact asked the court not to issue a curative instructions. *See* Appellant's Br. at 5, *but cf* App'x at 556. Counsel also argues that the district court failed to allow in findings by the Pension Board regarding Balu's disability. *See* Appellant's Br. at 21-23. However, the record show s that Balu's trial counsel specifically asked for the contrary—that the district court require her pension proceedings not be mentioned at trial. *See* App'x at 83.

judge in determining whether a case should go to the jury." *Id.* The district court did not err by not explicitly referencing the burden shifting or rebuttable presumptions in its jury instructions.

We have considered the remainder of Balu's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk